**UNITED STATES BANKRUPTCY COURT**
EASTERN DISTRICT OF NORTH CAROLINA
<u>GREENVILLE</u> DIVISION

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | Brenda<br>First Name | Kay<br>Middle Name | Mitchell<br>Last Name |
| Debtor 2<br>(Spouse, if filing) | <br>First Name | <br>Middle Name | <br>Last Name |
| Case number:<br>(If known) | 26-00806-5-JNC | | |

☒ Check if this is an amended plan, and list below the sections of the plan that have been changed.
1.1, 2.1, 2.3, 3.3 3.4

# CHAPTER 13 PLAN

### Part 1:   Notices

**Definitions:**   Definitions of several terms used in this Plan appear online at https://www.nceb.uscourts.gov/local-forms under the heading "Chapter 13 Plan Definitions." These definitions also are published in the Administrative Guide to Practice and Procedure for the United States Bankruptcy Court for the Eastern District of North Carolina.

**To Debtor(s):**   This form sets out options that may be appropriate in some cases, but the presence of an option on this form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with Local Rules and judicial rulings may not be confirmable.

**To Creditors:**   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated if the plan is confirmed.** You should read this plan carefully and discuss it with your attorney if you have an attorney in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the United States Bankruptcy Court for the Eastern District of North Carolina ("Court"). **The Court may confirm this plan without further notice if no objection to confirmation is filed.** In addition, you may need to file a timely proof of claim in order to be paid under any confirmed plan.

Only allowed claims will receive a distribution from the Trustee, and all payments made to creditors by the Trustee shall be made in accordance with the Trustee's customary distribution process. When required, pre-confirmation adequate protection payments shall be paid in accordance with Local Rule 3070-1(c). Unless otherwise ordered by the Court, creditors not entitled to adequate protection payment will receive no disbursements from the Trustee until after the plan is confirmed.

The following matters may be of particular importance to you. *Debtors must check one box on each line of §§ 1.1, 1.2, and 1.3, below, to state whether or not the plan includes provisions related to each item listed. If an item is checked "Not Included," or if neither box is checked, or if both boxes are checked, the provision will not be effective, even if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.3, which may result in a secured claim being treated as only partially secured or wholly unsecured. This could result in the secured creditor receiving only partial payment, or no payment | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.5. | ☐ Included | ☒ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☒ Not Included |

### Part 2:   Plan Payments and Length of Plan

**2.1   The Debtor(s) shall make regular payments to the Trustee as follows:**
  $ __825.00__ per __Month__ for __2__ months
  $ __891.00__ per __Month__ for __58__ months

**2.2   Additional payments.** (*Check one.*)
  ☒   **None.** (*If "None" is checked, the rest of this section need not be completed.*)

**2.3   The total amount of estimated payments to the Trustee is $__53,328.00__.**

**2.4  Adjustments to the Payment Schedule/Base Plan** *(Check one)*.

☐　　**None.**

☒　　**Confirmation of this plan shall <u>not</u> prevent an adjustment to the plan payment schedule or plan base.** The Trustee or the Debtor(s) may seek to modify the plan payment schedule and/or plan base within 60 days after the governmental bar date to accommodate secured or priority claims treated in Parts 3 or 4 of this Plan. This provision shall not preclude the Debtor or the Trustee from opposing modification after confirmation on any other basis.

**2.5  Applicable Commitment Period & Projected Disposable Income.**
The Applicable Commitment Period of the Debtor(s) is <u>36</u> months, and the projected disposable income of the Debtor(s), as referred to in 11 U.S.C. § 1325(b)(1)(B), is $<u>  0.00  </u> per month.  The plan shall not be deemed complete prior to completion of the applicable commitment period unless allowed non-priority unsecured claims are paid in full over a shorter period.

**2.6  The "Liquidation Test."**
a) For purposes of this Plan, the Chapter 7 "Liquidation Value" of the estate(s) of the Debtor(s) as referenced to in 11 U.S.C. 1325(a)(4), is refers to the estimated amounts that would be paid to holders of allowed nonpriority unsecured claims if the estate(s) of the Debtor(s) were liquidated under Chapter 7 on the effective date of the Plan. In this case, that amount is: $0.00.

b) Holders of allowed non-priority unsecured claims are projected to receive a distribution equal to their pro rata share of the Liquidation Value. This projected distribution may be impacted by the designation of classes below, and by the allowance and/or amendment of secured, priority, and administrative claims which may affect the Liquidation Values described herein.

If a Liquidation Value is greater than the amount of allowed nonpriority unsecured claims within a particular class (or greater than all allowed nonpriority unsecured claims if no class designations are made), allowed unsecured claims within such class (or all nonpriority unsecured claims, if applicable) shall be paid with interest at the Federal Post-Judgment Interest Rate that is effective as of the petition date.

☒ None. If "None" is checked, no classes are designated and the Liquidation Value identified in part 2.6(a) above will be disbursed to all holders of allowed nonpriority unsecured claims on a pro rata basis. The rest of Section 2.6 need not to be completed or reproduced.

**Part 3:　Treatment of Secured Claims**

**3.1  Lien Retention.**
The holder of each allowed secured claim provided for below will retain the lien on the property interest of the Debtor(s) or the estate until the earlier of:
　　(a) payment of the underlying debt determined under nonbankruptcy law, or
　　(b) discharge of the Debtor(s) under 11 U.S.C. § 1328.

**3.2  Maintenance of Payments and Cure of Default (if any)** *(Check one.)*
　　☐　**None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
　　☒　The current contractual installment payments will be maintained on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the Trustee ("Conduit") or directly by the Debtor(s), as specified below. Any arrearage listed for a claim below will be paid in full through disbursements by the Trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the Court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) will control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a timely filed proof of claim, the amounts stated below are controlling as to the current installment payment and arrearage. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the Court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be paid by the plan.

| Creditor Name | Collateral | Current Installment Payment (including escrow) | Arrears Owed (if any) | Interest Rate on Arrearage (if appliable) |
|---|---|---|---|---|
| NewRez d/b/a Shellpoint Mortgage | 135 Morris Rd Ahoskie, NC 27910-9727 | $597.54<br>**To be disbursed by:**<br>☒ **Trustee**<br>☐ **Debtor(s)** | $4,182.78 | 0.00% |

☐ **Other.** *(Check all that apply, and explain.)* The Debtor(s):
　(a)　☐　do intend to seek a mortgage modification with respect to the following loan(s) listed above:
　　　　<u>　　　　</u>

　(b)　☐　do not intend to seek mortgage modification with respect to the following loan(s) listed above;

　(c)　☐　intend to: <u>　　　　</u>

**3.3  Request for Valuation of Security and Modification of Undersecured Claims.** *(Check one)*

☒ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4   Claims Excluded from 11 U.S.C. § 506(a).** *(check one)*

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

The claims listed below:
(1) were incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s) ("910 Claims);
(2) were incurred within 1 year of the petition date and are secured by a purchase money security interest in any other thing of value ("1-Year Claims"), or
(3) are debts the Debtor(s) otherwise propose to pay in full ("Other Claims").

These claims will be paid in full by the Trustee, with interest at the rate stated below. Unless otherwise ordered by the Court, the amount of the creditor's claim listed on its proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) will control over any contrary claim amount listed below. In the absence of a timely filed proof of claim, the claim amount stated below is controlling. Secured creditors entitled to pre-confirmation adequate protection payments will receive the same pursuant to E.D.N.C. LBR 3070-1(c).

| Creditor Name | Collateral (if any) | Amount of Claim | Interest Rate | *Basis* (910 Claim/ 1-Year/ Other Claim) |
|---|---|---|---|---|
| **Credit Acceptance** | 2014 Chevrolet Equinox | $5,113.62 | 8.75% | 910 Claim |

**3.5   Avoidance of Judicial Liens or Nonpossessory, Nonpurchase-Money Security Interests.**
*(Check one)*

☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**3.6   Surrender of Collateral.** *(Check one.)*
☒ **None.** *If "None" is checked, the rest of § 3.6 need not be completed or reproduced.*

| Part 4: | Treatment of Fees and Priority Claims |
|---|---|

**4.1   General Treatment:** Unless otherwise indicated in this Part or in **Part 8, Nonstandard Plan Provisions,** the Trustee's fees and all allowed priority claims, will be paid in full without interest through Trustee disbursements under the plan.

**4.2   Trustee's Fees:** Trustee's fees are governed by statute and orders entered by the Court and may change during the course of the case. The Trustee's fees are estimated to be ___6.00___% of amounts disbursed by the Trustee under the plan and are estimated to total $___3,199.68___ .

**4.3   Debtor's Attorney's Fees.** *(Check one, below, as appropriate.)*
☒ Debtor(s)' attorney has agreed to accept as a base fee  $___3,250.00___, of which $___0.00___ was paid prior to filing. The Debtor(s)' attorney requests that the balance of $___3,250.00___ be paid through the plan.

☐ The Debtor(s)' attorney intends to apply or has applied to the Court for compensation for services on a "time and expense" basis, as provided in Local Rule 2016-1(a)(7). The attorney estimates that the total amount of compensation that will be sought is $____, of which $____ was paid prior to filing. The Debtor(s)' attorney requests that the estimated balance of $____ be paid through the plan.

**4.4   Domestic Support Obligations ("DSO's").** *(Check all that apply.)*

☒ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5   Priority Claims Other than Attorney's Fees and Those Treated in Section 4.4**
☒ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

| Part 5: | Unsecured Non-priority Claims |
|---|---|

**5.1** General Treatment. After confirmation of a plan, holders of allowed, non-priority unsecured claims that are not specially classified in § 5.2 below, will receive a pro rata distribution with other holders of allowed, non- priority unsecured claims from the higher of either the disposable income of the Debtor(s) over the applicable commitment period or liquidation test (see paragraph 2.5). Payments will commence after payment to the holders of allowed secured, arrearage, unsecured priority, administrative, specially classified unsecured claims, and the Trustee's fees.

Except as may be required by the "disposable income" or "liquidation" tests, or as may otherwise be specifically set forth in this Plan, no specific distribution to general unsecured creditors is guaranteed under this Plan, and the distribution to such creditors may change depending on the valuation of secured claims (including arrears) and/or the amounts which will be paid to holders of priority unsecured claims under this Plan, both of which may differ from the treatment set forth in Parts 3 and 4 of this Plan based on claims filed by secured and priority creditors, or based on further orders of the Court.

**5.2   Co-Debtor and Other Specially Classified Unsecured Claims.** *(Check one.)*
☒ **None.** *If "None" is checked, the rest of Part 5 need not be completed or reproduced.*

| Part 6: | Executory Contracts and Unexpired Leases |
|---|---|

6.1  **The executory contracts and unexpired leases listed below are to be treated as specified.  All other executory contracts and unexpired leases are rejected. Allowed claims arising from the rejection of executory contracts or unexpired leases shall be treated as unsecured non-priority claims under Part 5 of this Plan, unless otherwise ordered by the Court.**  *(Check one.)*

☒  **None.** *If "None" is checked, the rest of Part 6 need not be completed or reproduced.*

| Part 7: | Miscellaneous Provisions |
|---|---|

7.1  **Vesting of Property of the Bankruptcy Estate:**  *(Check one.)*
Property of the estate will vest in the Debtor(s) upon:
☒  plan confirmation.
☐  discharge
☐  other: _____

7.2  **Use, Sale, or Lease of Property:** Regardless of the election made in 7.1 above, the use, sale, or lease of property by the Debtor(s) remains subject to the requirements of 11 U.S.C. § 363, all other provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rules.

7.3  **Rights of the Debtor(s) and Trustee to Object to Claims:** Confirmation of the plan shall not prejudice the right of the Debtor(s) or Trustee to object to any claim.

7.4  **Rights of the Debtor(s) and Trustee to Avoid Liens and Recover Transfers:** Confirmation of the plan shall not prejudice any rights the Trustee or Debtor(s) may have to bring actions to avoid liens, or to avoid and recover transfers, under applicable law.

| Part 8: | Nonstandard Plan Provisions |
|---|---|

8.1  **Check "None" or List Nonstandard Plan Provisions.**

☒  **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

**No additional plan provisions may follow this line or precede Part 9: Signature(s), which follows.**

| Part 9: | Signatures |
|---|---|

9.1  **Signatures of Debtor(s) and Debtor(s)' Attorney**

**If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional.  The attorney for Debtor(s), if any, must sign below.**

**X**  /s/ _____       **X**  /s/ _____

Signature of Debtor 1                                Signature of Debtor 2

Executed on  _____              Executed on  _____

**By signing and filing this document, the Debtor(s) certify that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 8.**

**X**  /s/ Palmer E. Huffstetler, III _____       Date  04/27/2026 _____
Palmer E. Huffstetler, III                                              MM/DD/YYYY
Signature of Attorney for Debtor(s)

**If this document is also signed and filed by an Attorney for Debtor(s), the Attorney also certifies, that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 8.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

IN RE:                                                                CASE NO.:
Brenda Kay Mitchell                                          26-00806-5-JNC

                                                                      CHAPTER 13

         DEBTOR(S)

## NOTICE OF CONTINUED/RESCHEDULED CONFIRMATION HEARING

The above-named debtor by and through the undersigned counsel hereby notifies parties that the hearing on confirmation is set as follows:

DATE:        June 10, 2026
TIME:        10:30 am
PLACE:       United States Bankruptcy Court, Randy D. Doub Courthouse
             150 Reade Circle, Greenville, NC 27858

The Debtor filed an Amended Chapter 13 Plan on April 27, 2026, and parties are hereby advised that any objection to the Amended Chapter 13 Plan shall be filed with the Court within seven (7) days prior to the confirmation date listed above.

Dated: April 27, 2026

                              SOSNA & HUFFSTETLER
                              LAW OFFICES, PLLC

                              By:  s/Palmer E. Huffstetler, III
                                    Palmer E. Huffstetler, III
                                    3031 Zebulon Road
                                    Rocky Mount, NC 27804
                                    (252) 937-3027
                                    NC Bar No.:  47818